**Alan J. BENDZAK; Nancy J. Bendzak; Megan A. Bendzak, Plaintiffs–Appellants,**

v.

**NORTH ROYALTON SCHOOL DISTRICT, et al., Defendants–Appellees.**

No. 02–3194.

United States Court of Appeals, Sixth Circuit.

July 29, 2002.

Before KEITH, KENNEDY, and GILMAN, Circuit Judges.

*ORDER*

Alan J. Bendzak, Nancy A. Bendzak, and Megan A. Bendzak, Ohio residents proceeding pro se, appeal the district court order dismissing their civil rights complaint construed as filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon

examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking $250 million in damages, the Bendzaks sued twenty-five defendants in a fee-paid complaint. Alan and Nancy Bendzak brought suit on behalf of their daughter Megan. The district court entered an order advising the plaintiffs that their complaint was subject to dismissal for failure to state a claim. The court warned the plaintiffs that they had fifteen days to file an amended complaint setting forth a cognizable claim or have their case dismissed. As summarized by the district court, the Bendzaks' 347–page amended complaint described Megan's decline from a star volleyball player with average grades to a troubled teenager with failing grades, a juvenile offense record, and insufficient playing time on the volleyball team. The complaint named, *inter alia*, volleyball coaches; the North Royalton, Ohio, School District; North Royalton High School administrators and employees; members of the North Royalton Board of Education; Brunswick, Ohio, High School administrators and employees; Brunswick City School District administrators; police departments; a magistrate; attorneys; a reporter; and newspapers as defendants. Many of the defendants filed motions to dismiss. The district court dismissed the Bendzaks's federal claims for failure to state a claim and declined to exercise jurisdiction over their state law claims.

In their timely appeal, the Bendzaks restate their district court claims.

This court reviews de novo a district court's decision to dismiss a suit for failure to state a claim. *See Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996). Although a pro se complaint must be held to a less stringent standard than that prepared by an attorney, *see*

*Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), courts are not required to conjure up unpled allegations or guess at the nature of an argument. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989).

Upon review, we conclude that the district court properly dismissed the Bendzaks's amended complaint for failure to state a claim. The Bendzaks alleged that the defendants violated Megan's rights under the United States Constitution, federal law, and state law when they refused to let Megan play volleyball, failed to help her when her grades declined, disciplined her for breaking school rules, prosecuted her for juvenile offenses, committed legal malpractice, and refused to print her volleyball accomplishments and her parents' letters to the editor. The district court carefully examined the Bendzaks's allegations and concluded that they failed to state a claim under § 1983 or other federal law. On appeal, the Bendzaks merely restate their district court allegations and fail to identify any errors in the district court's analysis.

Construing the complaint in a light most favorable to the Bendzaks and accepting all of their factual allegations as true, they can prove no set of facts in support of their claims that would entitle them to relief. *See Sistrunk*, 99 F.3d at 197. Because there was no basis for federal jurisdiction, the district court properly declined to exercise jurisdiction over the Bendzaks's supplemental state law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Accordingly, we affirm the district court's order for the reasons stated by the district court. Rule 34(j)(2)(C), Rules of the Sixth Circuit.